FMC TECHNOLOGIES, INC., successor-in-interest to Design Systems Inc; FMC Foodtech, Inc., successor-in-interest to Design Systems, Inc., Plaintiffs–Appellants,

v.

James EDWARDS; Processing Equipment Solutions Inc., Defendants–Appellees.

* The Honorable David A. Ezra, United States District Judge for the District of Hawaii, sitting by designation.

FMC Technologies, Inc., successor-in-interest to Design Systems Inc; FMC Foodtech, INC., successor-in-interest to Design Systems, Inc., Plaintiffs–Appellees,

v.

James Edwards; Processing Equipment Solutions INC., Defendants–Appellants.

Nos. 07–35662, 07–35695.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 20, 2008.

Filed Dec. 1, 2008.

Before: B. FLETCHER and RAWLINSON, Circuit Judges, and EZRA *, District Judge.

MEMORANDUM **

Appellants FMC Technologies and FMC Foodtech, Inc. (FMC) challenge the district court's grant of summary judgment on its fraud claims based on non-reliance language contained in the parties' settlement agreement. FMC also maintains that the district court erroneously dismissed its claims for breach of the duty of good faith and fair dealing.

The district court properly granted summary judgment, as Washington law supports the conclusion that the settlement agreement's non-reliance language pre-

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

cluded FMC's fraud claims. *See Kwiatkowski v. Drews,* 142 Wash.App. 463, 176 P.3d 510, 519, *review denied,* 164 Wash.2d 1005, 190 P.3d 54 (2008).

In any event, summary judgment was warranted because "in the context of a contentious adversarial relationship, reliance on misrepresentations or omissions is unreasonable as a matter of law between the parties negotiating a settlement agreement[.]" *Id.* at 518 (citation omitted).

The district court also properly dismissed FMC's breach of fiduciary duty claims because the settlement agreement's specific contractual terms do not impose a duty to cooperate or a duty to disclose information. *See Seattle–First Nat. Bank v. Westwood Lumber, Inc.,* 65 Wash.App. 811, 829 P.2d 1152, 1156 (1992) ("[T]he duty of good faith does not add substantive terms to the parties' contract. Instead, it requires only that the parties perform in good faith the obligations imposed by their agreement. Thus, the duty arises only in connection with terms agreed to by the parties.") (citation omitted); *see also Kwiatkowski,* 176 P.3d at 518.[1]

**AFFIRMED.**

---

1. Because we affirm the district court's grant of summary judgment, we do not address Appellees' cross-appeal.

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.